UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RUPERTA SCHWARTZ,

    Plaintiff,

-VS-

    CASE NO.: 6:15cv1817-orl-22TBS

NAVIENT SOLUTIONS, INC., STUDENT
ASSISTANCE CORPORATION, and
NAVIENT CORPORATION,

**JURY TRIAL DEMANDED**

    Defendant.

_____/

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## INTRODUCTION

2.    The TCPA was enacted to prevent companies from invading American citizen's privacy and prevent abusive "robo-calls."

3.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robo-calls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7.      The alleged violations described in the Complaint occurred in Orange County, Florida.

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person and citizen of the State of Florida residing in Orange County, Florida.

9.      Plaintiff is a "consumer" as defined in Florida Statute 559.55(8).

10.     Plaintiff is an "alleged debtor."

11.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12.     Defendant, Navient Solutions, Inc. (hereinafter "Navient Solutions"), is a corporation with its principal place of business at 2001 Edmund Halley Dr., Reston, VA 20191-3436 and conducting business in the state of Florida through its registered agent, Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

13.     Defendant, Student Assistance Corporation (hereinafter "SAC"), is a corporation with its principal place of business in Delaware, wherein its registered agent is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

14.     Defendant Navient Corporation (hereinafter "Navient Corp") is a corporation with its principal place of business in Delaware, wherein its registered agent is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

15.     Defendant, Navient Corp, consented to and has knowledge and control of the activities of its agents and representatives, supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors including but not limited to Navient Solutions and SAC, in their actions related to the servicing and collection of the alleged account.

16.     Upon information and belief, Navient Corp had knowledge of all actions taken by its agents and subsidiaries Navient Solutions and SAC, and specifically instructed and/or conspired with them to take such actions as were ultimately taken in regards to Plaintiff.

17.     Neither Navient Solutions nor SAC disclosed to Plaintiff the principal/agent or parent company/subsidiary relationship by and between them, but it was nonetheless eventually clear that Navient Solutions and SAC at all times material, acted as the agent on behalf of Navient Corp with respect to the activities described herein.

18.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

19.     Defendants called the Plaintiff approximately ninety (90) times since January 28, 2015 in an attempt to collect a debt.

20.     Defendants attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

3

21.     Navient Solutions and SAC intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

22.     On information and belief, the telephone calls placed by Navient Solutions and SAC were placed using automated telephone dialing equipment, without human intervention.

23.     Each call Navient Solutions and SAC made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

24.     Each call Navient Solutions and SAC made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

25.     Beginning on or around January 28, 2015, Plaintiff began receiving automated robocalls from Navient Solutions and SAC to her cell phone number, (***) *** - 9488. On January 28, 2015 the Plaintiff revoked her consent to being called by the Defendants by advising the Defendants that she was represented by an attorney, Walter F. Benenati, Esq., and that she did not wish to be contacted by the Defendants.

26.     After January 28, 2015 the Plaintiff received calls from 888-272-5543 and 866-241-0642. When these numbers are called, a pre-recorded voice answers and identifies the number as either Navient (5543) or SAC (0642). These numbers called the Plaintiff repeatedly after she revoked her consent, including but not limited to the following dates and approximate times:

    a.     January 28, 2015 (4:20 PM);

    b.     January 29, 2015 (7:02 PM);

    c.     January 30, 2015 (6:00 PM);

    d.     January 31, 2015 (7:04 PM); and

    c.      February 2, 2015 (6:35 PM).

27.    On multiple occasions after January 28, 2015 the Plaintiff advised the Defendant that she was represented by counsel; however the calls to her cell phone continued without her prior express consent.

28.    Navient Corporation and its subsidiaries, including Navient Solutions and SAC, have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

29.    Navient Corporation and its subsidiaries, including Navient Solutions and SAC, have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Navient, to remove the incorrect number.

30.    Navient Solutions has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

31.    Navient Corporation and its subsidiaries, including Navient Solutions and SAC, have had numerous complaints from consumers against them across the country asking to not be called, however the Defendants continue to call.

32.    Navient Corporation and its subsidiaries, including Navient Solutions and SAC, corporate policy provided no means for the Plaintiff to have her number removed from the call list.

33.    Navient Corporation and its subsidiaries, including Navient Solutions and SAC, have a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

34.    Plaintiff revoked any express consent to Navient Solutions' and SAC'S placement of telephone calls to Plaintiff's cellular telephone by the use of an ATDS or a pre-recorded or artificial voice prior to Navient Solutions' and SAC'S placement of the calls.

35.    None of Navient Solutions' or SAC'S telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

36.    Navient Corporation and its subsidiaries, including Navient Solutions and SAC, willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
## NAVIENT SOLUTIONS, INC.
### (Violation of the TCPA)

37.    Plaintiff incorporates Paragraphs one (1) through thirty-six (36).

38.    Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff was represented by counsel and wanted Defendant to stop calling Plaintiff.

39.    Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff was represented by counsel and wanted Defendant to stop calling Plaintiff.

40.    Navient repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully Navient Solutions for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
## NAVIENT SOLUTIONS, INC.
### (Violation of the FCCPA)

41.    Plaintiff incorporates one (1) through thirty-six (36).

42.    At all times relevant to this action Navient is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

6

43.     Navient has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

44.     Navient has violated Florida Statute §559.72(18) by willfully communicating with the debtor after being advised that she was represented by an attorney.

45.     Navient has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

46.     Navient's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

    **WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Solutions for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT III**
**STUDENT ASSISTANCE CORPORATION**
**(Violation of the TCPA)**

47.     Plaintiff incorporates Paragraphs one (1) through thirty-six (36).

48.     Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was represented by counsel and did not wish to be contacted by Defendant.

49.     Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff was represented by counsel and did not wish to be contacted by Defendant.

50.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without

7

Plaintiff's prior express consent in violation of federal law, including 47 U.S.C §

227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully SAC for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT IV**
**STUDENT ASSISTANCE CORPORATION**
**(Violation of the FCCPA)**

51.    Plaintiff incorporates one (1) through thirty-six (36).

52.    At all times relevant to this action SAC is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

53.    Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

54.    Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

55.    Defendant has violated Florida Statute §559.72(18) by contacting the Plaintiff after she advised Defendant that she was represented by an attorney.

56.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against SAC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT V
## NAVIENT CORPORATION
### (Violation of the TCPA)

57.    Plaintiff incorporates Paragraphs one (1) through thirty-six (36).

58.    Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff was represented by an attorney and did not wish to be contacted by Defendant.

59.    Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff was represented by an attorney and did not wish to be contacted by Defendant.

60.    Navient Corp. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully Navient Corp. for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT VI
## NAVIENT CORPORATION
### (Violation of the FCCPA)

61.    Plaintiff incorporates one (1) through thirty-six (36).

62.    At all times relevant to this action Navient Corp is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

63.    Navient Corp. has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

9

64.     Navient Corp. has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

65.     Navient Corp. has violated Florida Statute §559.72(18) by contacting Plaintiff after she advised that she was represented by an attorney.

66.     Navient Corp.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

       **WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Corp for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

                              Respectfully submitted,

                              /s/_____
                              Frank H. Kerney III, Esq.
                              Morgan & Morgan, Tampa, P.A.
                              One Tampa City Center
                              201 N. Franklin Street, 7th Floor
                              Tampa, FL 33602
                              Tele:  (813) 223-5505
                              Fax:  (813) 223-5402
                              fkerney@forthepeople.com
                              Florida Bar #:  88672
                              Attorney for Plaintiff